## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **TERRELL BARKER** | **CIVIL ACTION NO. 08-1526** |
| LDOC #335456 | |
| VS. | **SECTION P** |
| | **JUDGE DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION*

Pro se petitioner Terrell Barker, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 14, 2008. Petitioner attacks his January 2007 conviction for second degree murder in the Twenty-Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his petition in federal court.

### *Statement of the Case*

Petitioner was found guilty as charged of second degree murder in January 2007. He appealed his conviction to the Third Circuit Court of Appeal raising a single assignment of error– sufficiency of the evidence. On December 19, 2007, in an unpublished opinion, the Third Circuit affirmed his conviction and amended his sentence to provide for credit for time served. *State of Louisiana v. Terrell P. Barker*, 2007-0702 (La. App. 3 Cir. 12/19/2007), 970 So.2d 1275 (Table). Petitioner did not seek further direct review in the Louisiana Supreme Court. [rec. doc. 1-3, p. 8] He anticipates that he will file an application for post-conviction relief in the Twenty-Seventh

Judicial District Court on or before January 19, 2009. His federal habeas petition, filed October 14, 2008, raises two claims for relief – sufficiency of the evidence and ineffective assistance of counsel. Petitioner concedes that he has not yet exhausted available state court remedies but asks this court "... to hold his federal habeas in abeyance in order for him to exhaust these claims before seeking adjudication in federal court..." [*Id*.]

### *Law and Analysis*

Petitioner is in custody pursuant to the judgment of a Louisiana court. Accordingly, the provisions of 28 U.S.C. §2254 apply. That statute provides, as relevant to this proceeding:

> (b)(1) <u>An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless</u> it appears that –
>
> (A) the applicant has <u>exhausted the remedies available in the courts of the State</u>; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>        \*      \*      \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement

of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

By his own admission, petitioner has not exhausted state court remedies which apparently remain available to him. Under Louisiana law, petitioner may file an application for post-conviction relief in the District Court provided he does so within two years of the date that his judgment of conviction becomes final under Louisiana law. [See La. C.Cr.P. art. 930.8] Should

his post-conviction attack prove unsuccessful in the district court, he may petition for discretionary review in the Third Circuit Court of Appeals and then ultimately, the Louisiana Supreme Court. Exhaustion will not have occurred until such time as he properly and fairly presents his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. Until he submits his post-conviction claims to the Louisiana Supreme Court and until such time as that court rules on his application, his federal claims remain unexhausted.[1] Absent a showing that state remedies are either unavailable or inadequate, he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Moreover, since the present petition raises only unexhausted claims, the court need not address the stay and abeyance of mixed *habeas* petitions addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a <u>mixed</u> *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics). **Petitioner has requested stay and abeyance, however, he has not offered sufficient grounds to establish that he is entitled to that remedy.**

---

[1] A review of the presumptively reliable published jurisprudence of the State of Louisiana confirms that there are no published Supreme Court writ judgments in which petitioner is a party.

**Petitioner is cautioned, however, that the limitations period established by 28 U.S.C. §2244(d)(1) will expire one-year after his state court judgment of conviction became final by the conclusion of the time for seeking further direct review. Based on the information thus far supplied by petitioner, his state court judgment became final on or about January 19, 2008 when the 30-day period for seeking a petition of *certiorari* in Louisiana's Supreme Court expired. [See Supreme Court Rule X, §5(a)] Petitioner may toll the limitations period during the time that a properly filed state post-conviction or other collateral review remains pending. §2244(d)(2). However, he must properly file his state court pleadings before the one-year deadline that began on January 19, 2008, and, should he be denied relief, he must be prepared to re-file his federal petition immediately after his post-conviction action no longer remains pending.**

Accordingly,

**IT IS ORDERED THAT** petitioner's request for **STAY AND ABEYANCE BE DENIED;** and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas* claims remain unexhausted.

**IT IS FURTHER ORDERED** that the time for filing objections to this R&R is shortened to **FIVE BUSINESS DAYS** from service of this report and recommendation.

**IT IS FURTHER ORDERED** that the Clerk of Court shall expedite the filing and dissemination of this R&R, and provide a copy to the District Judge with an "URGENT" flag on it so that a final ruling may be made promptly.

6

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) business days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on December 22, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)